Elizabeth THOMAS, Plaintiff–Appellant,

v.

Glenn GOORD for the Department of Correctional Services, Donald Selsky, Dennis Breslin, Kenneth Werbacher, Sylvester Johnson, John Engbers, Wendy Featherstone, John Doe for Classification and Movement for the Dep't. of Correction, Jane Doe for Classification and Movement for the Dep't. of Correction, Defendants–Appellees.

No. 04–2107–pr.

United States Court of Appeals,
Second Circuit.

Jan. 29, 2007.

Michele A. Higgins, Kirkpatrick & Lockhart Nicholson Graham LLP (Douglas F. Broder, on the brief), New York, NY, for Plaintiff–Appellant.

Gregory Silbert, Assistant Solicitor General (Daniel J. Chepaitis, Assistant Solicitor General, Office of the Attorney General, Michelle Aronowitz, Deputy Solicitor General, of counsel, Eliot Spitzer, Attorney General of the State of New York, on the brief), New York, NY, for Defendants–Appellees.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. STEFAN R. UNDERHILL, District Judge.[1]

### SUMMARY ORDER

Plaintiff–Appellant Elizabeth Thomas appeals from a final judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge)*, dismissing her complaint for failure to state a claim. We assume the parties' familiarity with the facts, procedural history, and issues on appeal. Fol-

---

1. Stefan R. Underhill, District Judge for the     District of Connecticut, sitting by designation.

lowing our March 1, 2005 order, in which we granted Thomas's *pro se* motion for appointment of counsel, but dismissed the majority of her claims on appeal as lacking any arguable basis in law or fact, *see Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), only two claims remain to be resolved: Thomas's claims against defendant Kenneth Werbacher alleging denial of medical treatment and retaliatory interference with participation in a rehabilitative work program. The District Court dismissed the complaint without expressly addressing either of these claims.

"We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6), accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor." *Scutti Enterprises, LLC v. Park Place Entertainment Corp.*, 322 F.3d 211, 214 (2d Cir.2003). We consider only the " 'facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.' " *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir.1999) (quoting *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991)). We hold complaints drafted by *pro se* plaintiffs " 'to less stringent standards than formal pleadings drafted by lawyers.' " *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Still, this Court has recognized that a prisoner's claim for retaliation must be " 'supported by specific and detailed factual allegations,' not stated 'in wholly conclusory terms.' " *Friedl v. City of New York*, 210 F.3d 79, 85–86 (2d Cir.2000) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir.1983)).

Thomas has pled both claims with sufficiently detailed factual allegations. With respect to the claim for retaliatory interference with her participation in a rehabilitative work program, Thomas alleges, in effect, that Werbacher used his influence to have Thomas transferred to a facility in which she could not participate in a rehabilitative work program "intentionally to punish the plaintiff for exercising her First Amendment rights...." Am. Compl. ¶¶ 64, 68–69.

■ We must assume the truth of the following allegations. On September 29, 1999, Werbacher made a racially offensive remark to Thomas, asserting that members of her race did not have any due process rights. Werbacher made the remark in response to Thomas's participation in constitutionally protected activities, including the filing of a lawsuit and a grievance. Am. Compl. ¶ 21. On October 4, 1999, Thomas filed a grievance against Werbacher (BA–209–99), complaining principally that Werbacher discriminated against her, interfered with her participation in a "facility contracted program" (i.e., the work rehabilitation program), and interfered with her prescribed medical treatment. Am. Compl. ¶¶ 34–35. On October 13, 1999, nine days after filing her grievance, Thomas was transferred to another facility. Am. Compl. ¶ 26. Taken in the light most favorable to Thomas, those allegations are sufficient to permit an inference that Werbacher had Thomas transferred in order to prevent her from participating in a work rehabilitation program in retaliation for Thomas's involvement in constitutionally protected activities. Werbacher argues that Thomas was transferred due to a disciplinary violation, not in retaliation. That is an argument properly made in support of a motion for summary judgment, but not a motion to dismiss.

■ With respect to the deprivation of medical treatment claim, Thomas alleges that Werbacher "acted with or aided others in the interference with plaintiff['s]

54

prescribed medical treatment on or about the months of September 1999 to October 1999." Am. Compl. ¶ 71. Thomas's allegations with respect to Werbacher's animus and retaliatory motive, as described above, apply to this claim as well. In addition, Thomas incorporates her grievance against Werbacher into the amended complaint by reference.[2] Am. Compl. ¶ 35. In the grievance, Thomas specifically complains that Werbacher interfered with her prescribed medical treatment "by refusing to schedule my medical appointments," and by refusing to "provide the officers" needed to transport Thomas to her medical appointments. She also claims that Werbacher "ordered medical to lift any medical hold for transfer," intentionally retaliating against her for participating in constitutionally protected activities. Considered in the light most favorable to Thomas, those specific factual allegations sufficiently state a claim for denial of medical treatment. Viewing the allegations in the amended complaint and the Werbacher grievance as a whole, Thomas has stated a claim for retaliation and has done so with sufficient specificity.

When the mandate issues, we relieve Thomas's appellate counsel, Kirkpatrick & Lockhart Nicholson Graham LLP, with the thanks of the Court for their service on this appeal. We leave it to the District Court to determine whether *pro bono* counsel should be appointed to assist Thomas with further proceedings before it.

For the foregoing reasons, we VACATE in part, and REMAND for further proceedings consistent with this order.

2.  In her amended complaint, Thomas specifically references the Werbacher grievance (BA–209–99) and indicates that she is making allegations that are contained within that grievance. Am. Compl ¶ 35. Construing those allegations liberally, we deem the allegations in the grievance incorporated by reference.