**Willie DAVIS, Plaintiff,**

v.

**State of NEW YORK, et al., Defendants.**

**No. 06 CV 2237(VM).**

United States District Court, S.D. New York.

June 13, 2007.

Willie Davis, Dannemora, NY, Pro se.

## ORDER

MARRERO, District Judge.

Pro se plaintiff Willie Davis ("Davis") brought this case against the State of New York; W.E. Phillips ("Phillips"), Superintendent of the Green Haven Correctional Facility ("Green Haven"); R. Cunningham ("Cunningham"), Deputy Superintendent of Programs; and several Green Haven corrections officers: T. Miller ("Miller"), C. Hutchings ("Hutchings"), N. Elefonte ("Elefonte"), K. Krein ("Krein"), A. Di-Tommaso ("DiTommaso"), Kholar ("Kholar"), and Hillman ("Hillman"). Davis's complaint, brought pursuant to 42 U.S.C. § 1983 (" § 1983"), alleges constitutional violations arising from the use of excessive force by Green Haven corrections officers, as well as the deprivation of his personal property. On November 6, 2006, Phillips, Cunningham, Hillman, Elefonte, Hutchings, Krein, DiTomasso, and Kholar ("Defendants") moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds of (1) failure to exhaust administrative remedies; (2) failure to state a claim; and (3) immunity under the Eleventh Amendment. The motion indicates that it was not submitted on behalf of Miller or the State of New York, as neither party had been served with process. On May 31, 2007, the Court dismissed Davis's complaint and indicated that it would set forth the findings, reasoning and conclusions for its ruling in a subsequent decision and order. For the reasons discussed below, Defendants' motion to dismiss Davis's complaint is GRANTED. Because the Defendants' arguments apply with equal force to Miller and the State of New York, the Court also dismisses, sua sponte, the complaint as against those defendants.

## I. BACKGROUND

The following facts are taken primarily from Davis's complaint, dated October 17,

2005, and Davis's response to Defendants' motion to dismiss, dated November 28, 2006, which the Court accepts as true for the purpose of ruling on the motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002) (*citing Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001)).

Upon attempting to receive a package at the Green Haven package room on March 24, 2005, Davis was informed by Elefonte that he would not be allowed to obtain two of the food items included therein because each contained a prohibited ingredient. Davis requested a review of this decision, but his request was denied by Elefonte. Davis asserts that Miller then applied physical force against him, precipitating a series of actions which constituted the use of excessive force. During the struggle that ensued, according to Davis, Miller and Hutchings knocked him to the floor, where he was repeatedly kicked and otherwise assaulted by those and other Green Haven corrections officers. Davis further asserts that he was denied sufficiently prompt medical care for the multiple injuries he sustained. On April 13, 2005, Davis filed an inmate grievance complaint based upon the alleged assault.

## II. DISCUSSION

### A. STANDARD OF REVIEW

To survive dismissal, Davis "must assert a cognizable claim and allege facts that, if true, would support such a claim." *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997). In evaluating whether Davis has met these requirements, complaints prepared pro se are held "to less stringent standards than formal pleadings drafted by lawyers." *Id.* (*quoting Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

### B. CONSTITUTIONAL CLAIMS

■ To state a claim under § 1983, Davis must show that while acting under color of state law, Defendants deprived him of his federal constitutional or statutory rights. *See Pabon v. Wright*, 459 F.3d 241, 249 (2d Cir.2006). Davis's claims are (1) that excessive force was used against him by Miller and Hutchings; (2) that he did not receive timely medical care for the injuries he suffered; and (3) that he was deprived of personal property in violation of his due process rights.

■ The use of excessive physical force against a prisoner may in certain circumstances give rise to a cognizable claim under the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (holding that the standard for determining whether a prison official used excessive force in violation of the Cruel and Unusual Punishments Clause is whether force was applied maliciously and sadistically). An inmate's rights under the Eighth Amendment may also be violated by reason of deliberate indifference to that inmate's medical needs by prison authorities. *See Estelle v. Gamble*, 429 U.S. 97, 104–105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Davis further claims that his due process rights were violated because he was improperly prevented from receiving a package that was mailed to him. Deprivation of an inmate's property by a state actor may constitute a violation of such inmate's due process rights under the Fourteenth Amendment, but only if a meaningful post-deprivation remedy is not available. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

### C. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

■ The Prison Litigation Reform Act ("PLRA") states in relevant part that "no

action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532, 122 S.Ct. 983; *see also Ortiz v. McBride,* 380 F.3d 649, 656 (2d Cir.2004) (acknowledging the exhaustion requirement and applying it to an alleged due process violation).

 The New York State Department of Correctional Services ("DOCS") has a three-tiered grievance system, all levels of which must be exhausted before a § 1983 action may be brought in federal court. *See Porter v. Nussle,* 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). An inmate must first file a complaint with the Inmate Grievance Resolution Committee ("IGRC"), whose determination may then be appealed to the superintendent. *See Hemphill v. New York,* 380 F.3d 680, 682 (2d Cir.2004). Finally, DOCS permits an inmate to appeal the superintendent's decision to the Central Office Review Committee ("CORC"). *See id.*

 On April 13, 2005, Davis submitted an inmate grievance complaint to the IGRC based upon the alleged assault. Davis did not raise his claim of denial of timely medical care in his grievance. (*See* Grievance No. GH–56025–05, attached as Ex. B. to Declaration of Jeb Harben, dated November 6, 2006 ("Harben Decl.").) The IGRC found that Davis's grievance was unsupported by sufficient evidence. (*See* Green Haven Superintendent Decision, dated April 25, 2005, attached as Ex. B to Harben Decl.) Furthermore, Davis failed

to appeal the IGRC's decision on the matter to the CORC. (*See* Declaration of Thomas Eagen, dated November 6, 2006, and List of Grievances Appealed by Davis, attached as Ex. C to Harben Decl.) Accordingly, all of Davis's claims must be dismissed, pursuant to 42 U.S.C. § 1997e(a), because he failed to exhaust his administrative remedies with respect to them.

Defendants also moved to dismiss Davis's complaint on the grounds of failure to state a claim and immunity under the Eleventh Amendment. Because the Court finds that Davis's claims must be dismissed against all defendants on the basis of his failure to exhaust available administrative remedies, it need not address these remaining arguments.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Court's Order dated May 31, 2007 is amended to incorporate the discussion above; and it is further

**ORDERED** that the motion to dismiss (Docket No. 19) of defendants W.E. Phillips, R. Cunningham, Hillman, N. Elefonte, C. Hutchings, K. Krein, A. DiTomasso, and Kholar is GRANTED; and it is further

**ORDERED** that the complaint of plaintiff Willie Davis is DISMISSED in its entirety.

The Clerk of Court is directed to close this case.

**SO ORDERED.**