**Lloyd E. BODDIE, Plaintiff–Appellant,**

**v.**

**Officer B. SCHNIEDER; Officer D. Dewald; Officer P. Robertson; Sergeant K. Schmitt; and Hearing Officer Mr. Pico, Defendants–Appellees.**

**No. 426, Docket 96–2417.**

United States Court of Appeals,
Second Circuit.

Submitted Dec. 3, 1996.

Decided Feb. 4, 1997.

[redacted]

Lloyd E. Boddie, Alden, NY, pro se.

Dennis C. Vacco, Attorney General of the State of New York (Barbara K. Hathaway, Assistant Attorney General, of counsel), New York City, for Defendants–Appellees.

Before: VAN GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.

CALABRESI, Circuit Judge:

May inmates make Eighth Amendment claims under Section 1983 for sexual abuse by corrections officers? On April 11, 1994, Plaintiff Lloyd E. Boddie filed a *pro se* complaint, pursuant to 42 U.S.C. §§ 1983 and 1985, seeking damages and claiming that various officers of the Green Haven Correctional Facility had sexually harassed him (both physically and verbally), had used excessive force, had filed false misbehavior reports, and had conspired against him. The United States District Court for the Southern District of New York (Preska, *J.*) concluded, *inter alia*, that Boddie's vague and minor claims for physical and verbal sexual abuse of an infrequent nature did not state a claim under Section 1983 and dismissed the complaint for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6). Boddie has appealed. We write to make clear that the sexual abuse of an inmate by a corrections officer may reach constitutional dimensions and give rise to an Eighth Amendment claim under Section 1983, but we agree with the district court that no cognizable constitutional claim was asserted in this case.

## I. BACKGROUND

Boddie alleges a number of incidents of mistreatment by prison officials.

First, Boddie maintains that on March 3, 1993, Officer B. Schnieder, a female corrections officer, "made a statement" that Boddie believed to be "a pass" at him, but that he "could not be sure."

Second, Boddie claims that on the next day, Schnieder squeezed his hand, touched

his penis, and said, "[Y]ou know your [sic] sexy black devil, I like you."

Third, Boddie alleges that on March 19, 1993, in Officer D. DeWald's presence, Schnieder stopped Boddie, accused him of wearing an orange sweatshirt,[1] and told him to take off the sweatshirt. According to Boddie, he resisted, stating that he was a cardiac patient, that the hallway was very cold, and that he would give the sweatshirt to her when they returned to his cellblock. When Boddie began to walk past the officers, Schnieder stopped him, "bumping into [his] chest with both her breast so hard [he] could feel the points of her nipples against [his] chest." Boddie states that Schnieder did this to Boddie twice, pinning him to a door. When he tried to pass her again, Schnieder again bumped into him, this time "with her whole body vagina against penis pinning [him] to the door."

Fourth, DeWald wrote a misbehavior report regarding Boddie's refusal to take the sweatshirt off. Boddie maintains that the report was false and was the result of a conspiracy between DeWald and Schnieder to retaliate against Boddie for refusing Schnieder's alleged "pass" on March 4.

Fifth, Boddie contends that, later on March 19, another officer, P. Robertson, "grabbed" Boddie out of formation, pushed him in the chest, and elbowed him very hard three or more times. Allegedly, Robertson wrote a false misbehavior report regarding this incident.

Finally, Boddie claims that Officer Pico, the officer in charge of the Tier III hearing dealing with the misbehavior reports, conspired against him with DeWald and Robertson.

On August 5, 1994, the defendants filed a motion to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(6), arguing *inter alia:* (1) that harassment claims do not state a cause of action within the prison context; (2) that the issuance of a false misbehavior report does not rise to the level of a constitutional violation; and (3) that Officer Robertson's assault as alleged by Boddie did not consti-

tute excessive force under the Eighth Amendment. By order entered April 12, 1996, the district court granted the motion to dismiss, finding that the facts alleged, even if true, were insufficient as a matter of law to show an Eighth Amendment violation, a due process violation, or a conspiracy. The court concluded with respect to Boddie's allegations of sexual harassment that there is "no generally cognizable claim under § 1983 for harassment in the prison environment, particularly when it is of such an infrequent, vague, minor, and finite nature." (citations omitted). Boddie appeals this dismissal, arguing in part that sexual assault and harassment may constitute cruel and unusual punishment.

## II. DISCUSSION

■■■ We review a district court's grant of a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) *de novo. International Audiotext Network, Inc. v. AT & T,* 62 F.3d 69, 71 (2d Cir.1995). And we may affirm such a dismissal only if it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations. *Olkey v. Hyperion 1999 Term Trust, Inc.,* 98 F.3d 2, 5 (2d Cir.1996). In order to survive dismissal, a plaintiff must assert a cognizable claim and allege facts that, if true, would support such a claim. In evaluating whether a plaintiff has met these requirements, we hold complaints prepared *pro se* "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam).

### A. Sexual Abuse Claims

The district court expressed some doubt as to whether a prisoner's claim for sexual abuse could lie under Section 1983. We note that there is nothing in the decisions of the Supreme Court or of this court that denies the existence of such a claim and there is, instead, much to support it. We therefore conclude that sexual abuse of a prisoner by a corrections officer may in some circum-

---

1. Because orange is a color worn by some prison employees, inmates are not permitted to wear orange clothing. Boddie asserts that the sweatshirt was, in fact, red.

stances violate the prisoner's right to be free from cruel and unusual punishment.

The Eighth Amendment sets constitutional boundaries on the conditions of imprisonment. The "unnecessary and wanton infliction of pain" on a prisoner constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986) (citation and internal quotation marks omitted). An official violates the Eighth Amendment when two requirements are met. *See, e.g., Branham v. Meachum,* 77 F.3d 626, 630 (2d Cir. 1996). First, the alleged "punishment" must be, "objectively, sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (internal quotation marks omitted); *Branham,* 77 F.3d at 630. Under the objective standard, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Second, the prison official involved must have a "sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834, 114 S.Ct. at 1977 (citation and internal quotation marks omitted); *see also Branham,* 77 F.3d at 630. Because sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims.

Sexual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm. *See, e.g., Women Prisoners of the District of Columbia Dep't of Corrections v. District of Columbia,* 877 F.Supp. 634, 664–67 (D.D.C. 1994); *Jordan v. Gardner,* 986 F.2d 1521, 1524–31 (9th Cir.1993) (en banc). For this reason, there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be "objectively, sufficiently serious" enough to constitute an Eighth Amendment violation. *Cf. Rhodes,* 452 U.S. at 347, 101 S.Ct. at 2399 (noting that the list of conditions held cruel and unusual by the Supreme Court is not exclusive). Moreover, like the rape of an inmate by another inmate,

sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is "simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer,* 511 U.S. at 834, 114 S.Ct. at 1977 (citation and internal quotation marks omitted); *see also id.* ("[The] rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency.") (citations and internal quotation marks omitted).

The subjective element of the Eighth Amendment test may also be met by claims of sexual abuse. Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind. *See Hudson v. McMillian,* 503 U.S. 1, 6–7, 112 S.Ct. 995, 998–99, 117 L.Ed.2d 156 (1992). It is therefore apparent, even without considering exactly what *mens rea* is necessary to show a "wanton" state of mind for a claim of sexual abuse, that a prison official who sexually abuses a prisoner can be found to have a sufficiently culpable state of mind to violate the prisoner's constitutional rights.

Accordingly, allegations of sexual abuse may meet both the subjective and the objective elements of the constitutional test, thereby stating an Eighth Amendment claim under Section 1983. However, we agree with the district court that Boddie nevertheless failed to state an Eighth Amendment claim. He asserts a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against without his consent. No single incident that he described was severe enough to be "objectively, sufficiently serious." Nor were the incidents cumulatively egregious in the harm they inflicted. The isolated episodes of harassment and touching alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court. *See Farmer,* 511 U.S. at 833–34, 114 S.Ct. at 1977; *cf. Rhodes,* 452 U.S. at 348–349 & 348

n. 13, 101 S.Ct. at 2400–01 & 2400 n. 13 (recognizing that not every deviation from an "aspiration toward an ideal environment for long-term confinement" amounts to a constitutional violation).

### B. Other Claims

Boddie's other claims can be dismissed summarily.

■■ Boddie's allegations of excessive force—that he was bumped, grabbed, elbowed, and pushed by Schnieder and Robertson—do not approach an Eighth Amendment claim. The force Boddie describes is not sufficiently serious or harmful to reach constitutional dimensions. See Romano v. Howarth, 998 F.2d 101, 105 (2d Cir.1993). Boddie does not maintain that he experienced any pain or injury as a result of the physical contact. Moreover, Boddie does not allege facts that show that the defendants used force "maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline." Hudson, 503 U.S. at 7, 112 S.Ct. at 999. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973). Indeed, not even "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9, 112 S.Ct. at 1000 (emphasis added). Boddie has therefore not stated facts that meet either the objective or subjective component of the test used to determine whether the corrections officers' excessive physical force constituted cruel and unusual punishment.

■■ Boddie also maintains that the misbehavior reports filed by DeWald and Robertson against him were false, and that the report issued by DeWald regarding the sweatshirt incident was in retaliation for his refusal of Schnieder's advances. But a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986). There must be more, such as retaliation against the prisoner for exercising a constitutional right. See Franco v. Kelly, 854 F.2d 584, 588–90 (2d

Cir.1988). Moreover, as the district court correctly held, Boddie's claim that the officers conspired to retaliate against him is "unsupported, speculative, and conclusory." As such, it may be dismissed on the pleadings. See Leon v. Murphy, 988 F.2d 303, 311 (2d Cir.1993) (citing Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir.1983) (per curiam)); Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir.1983).

■ A prisoner does have a due process right to a hearing before he may be deprived of a liberty interest on the basis of a misbehavior report. Freeman, 808 F.2d at 951. Boddie, however, does not allege any facts suggesting that the hearing on March 25, 1993 following the misbehavior reports was unfair. In fact, he asserts that he was cleared of wrongdoing at the hearing. Boddie's claim that the Hearing Officer conspired with the officers who filed the reports might be construed as an attack on the hearing, but Boddie does not state a factual basis for this conspiracy claim. And, "[a] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Leon, 988 F.2d at 311 (citation and internal quotation marks omitted).

### III. Conclusion

Although a prisoner's allegations of sexual abuse by a corrections officer may state an Eighth Amendment claim under Section 1983, Boddie nonetheless failed to state such a claim because, as described in his complaint, the sexual abuse he claims to have experienced was not serious enough to constitute cruel and unusual punishment. Moreover, the district court did not err in dismissing Boddie's allegations of excessive force, false misbehavior reports, conspiracy, and retaliation.

Accordingly, we affirm the decision of the district court.