United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-31019
Summary Calendar

_____

DERRICK JEROME ALLEN,

Plaintiff-Appellant,

versus

THEODORE JOHNSON; JIM WILKINSON;
MONA HEYSE; EDUCATION DEPARTMENT
WINN CORRECTION CENTER; CORRECTION
CORPORATION OF AMERICA; LOUISIANA DEPARTMENT
OF PUBLIC SAFETY AND CORRECTIONS;
PONTIAC BUSINESS INSTITUTE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-884
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Derrick Jerome Allen, Louisiana prisoner #295151, appeals the 28 U.S.C. § 1915(e) dismissal as frivolous of his 42 U.S.C. § 1983 civil rights lawsuit. The district court's dismissal is reviewed for an abuse of discretion. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Allen argues that the district court erred in dismissing his claims of retaliation and sexual abuse.  He briefs no argument regarding his claims of excessive force or discrimination, and those claims are therefore waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Although he conclusionally asserts that the district court erred in denying him class certification, Allen fails to brief any argument challenging the district court's determination that he had not met any of the requirements for certification under FED. R. CIV. P. 23, and he has thus waived the argument.  See Yohey, 985 F.2d at 224-25.

Allen's claim of sexual abuse was properly dismissed because, even if it is assumed that Theodore Johnson touched him in a sexual manner during routine pat-down searches, Allen has not alleged sufficiently serious assaultive behavior or resulting injury to show a constitutional deprivation.  See Farmer v. Brennan, 511 U.S. 825, 833-34, 847 (1994); Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Boddie v. Schneider, 105 F.3d 857, 860-61 (2d Cir. 1997); 42 U.S.C. § 1997e(e).  The retaliation similarly fails because Allen has not presented direct evidence of a retaliatory motive, nor has he sufficiently alleged a chronology of events from which retaliation may be inferred.  See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Allen has not demonstrated an abuse of discretion on the district court's part. Its judgment is therefore AFFIRMED. Allen's motion for the appointment of counsel is DENIED.

AFFIRMED; MOTION DENIED.