Louis **CONWAY**, Plaintiff–Appellant,

v.

Margaret **GARVEY**, Hon. Judge, Family Court of NYS, County of Rockland County, Andrew Rossmer, Esq. Defendants–Appellees.

No. 03–7628–CV.

United States Court of Appeals, Second Circuit.

June 22, 2005.

Louis Conway, West Nyack, NY, for Appellant, pro se.

Present: WALKER, Chief Judge, HALL, and GIBSON,* Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Louis Conway appeals from the June 12, 2003, judgment of the district court dismissing his complaint against defendant-appellees Margaret Garvey, a Rockland County Family Court Judge, and Andrew Rossmer, Conway's former attorney, in which he alleged civil rights violations and other causes of actions, pursuant to 42 U.S.C. §§ 1983, 1985, 18 U.S.C. § 1001, and 28 U.S.C. §§ 144, 455. Conway's claims arise from a child custody dispute over which Judge Garvey presided.

We review *de novo* a district court's dismissal of complaints pursuant to 28 U.S.C. § 1915(e)(2)(B). *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004). "Further, when the plaintiff proceeds *pro se,* as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *Id.*

An independent review of the record and the case law reveals that the district court thoroughly addressed all of Conway's claims and that the dismissal of Conway's complaint was proper. Judge Garvey is entitled to absolute judicial im-

munity from Conway's claims. Moreover, Conway lacks standing to assert any claim under the criminal statute 18 U.S.C. § 1001, and he failed to allege any factual basis to support his conspiracy claims under 42 U.S.C. §§ 1983 and 1985. *See Boddie v. Schnieder,* 105 F.3d 857, 862 (2d Cir.1997). In addition, as noted by the district court, to the extent Conway is seeking to relitigate the custody issues presided over by Judge Garvey, such claims are barred under the *Rooker/Feldman* doctrine, which precludes a district court from reviewing state court decisions. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Finally, Conway's malpractice claim against his attorney, Rossmer, is a state law claim and, therefore, the district court lacked jurisdiction to entertain it. 28 U.S.C. §§ 1331, 1332; *see also* Fed. R.Civ.P. 12(b)(1), (h)(3).

Accordingly, for substantially the reasons given by the district court, the judgment of the district court is hereby **AFFIRMED** and all pending motions are **DENIED** as moot.

---

* The Honorable John R. Gibson, Senior Circuit Judge of the Court of Appeals for the Eighth Circuit, sitting by designation.