**Paul MITCHELL, Plaintiff–Appellant,**

**v.**

**Daniel SENKOWSKI, Superintendent, Clinton Correctional Facility, Joseph Wood, Deputy Superintendent for Security, Stanley Berg, Deputy Superin-**

tendent, John Carey, Captain, R. Lapier, Sergeant, L. Cayea, Sergeant, C.O. Fornia, Corrections Officer, C.O. Vaughn, Corrections Officer, Thomas Gillem, Corrections Officer, C.O. McLean, Corrections Officer, C.O. Reyell, Corrections Officer, John Does 1–10, All Defendants in Their Individual and Official Capacities, Defendants–Appellees.

No. 04–1792.

United States Court of Appeals, Second Circuit.

Dec. 14, 2005.

Richard L. Baumgarten, Buffalo, NY, for Plaintiff–Appellant.

Martin A. Hotvet, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Peter H. Schiff, Senior Counsel, on the brief), Albany, NY, for Defendants–Appellees.

Present: POOLER, B.D. PARKER, Circuit Judges, and CASTEL, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Paul Mitchell appeals from the District Court's decision and order entered February 11, 2004, adopting a magistrate's report and recommendation entered September 29, 2003 (David R. Homer, *U.S.M.J.*), and granting summary judgment to defendants-appellees, dismissing all claims against defendants Senkowski, Wood, Berg, Carey, LaPier, Fornia, Vaughn, Gillem, and McLean with prejudice on the merits, and dismissing without prejudice all claims against defendant Reyell and the ten John Doe defendants for failure to serve process under Fed. R.Civ.P. 4(m) and N.D.N.Y. Local Rule 4.1(b). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review a district court's grant of summary judgment *de novo*. *PepsiCo, Inc. v. Coca–Cola Co.*, 315 F.3d 101, 104 (2d Cir.2002). Summary judgment is warranted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir.2002) (quoting Fed.R.Civ.P. 56(c)). We "view the evidence in the light most favorable to the party opposing summary judgment," "draw[ing] all reasonable inferences in favor of that party," and "eschew[ing] credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir.2004). When the moving party has met its burden to show the absence of any genuine issue of material fact, the nonmoving party, in order to defeat summary judgment, must come forward with specific material facts and must present sufficient evidence in support of them to show the existence of not just "metaphysical doubt," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), but rather, a genuine dispute requiring resolution at trial, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment is inappropriate where the nonmoving party's inadequate opportunity for discovery renders her incapable of presenting sufficient evidence to establish that material facts are genuinely disputed. *See Salahuddin v. Coughlin*, 993 F.2d 306, 308 (2d Cir.1993). In such a case a district court may deny the motion or grant a continuance for further discovery. Fed.R.Civ.P. 56(f). However, appellant has not met his burden to demonstrate entitlement to such relief by "fil[ing] an affidavit describing the nature of the requested discovery, its relevance to genuine issues of material fact, what efforts the

---

* The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation.

affiant has made to obtain the discovery and why those efforts were unsuccessful." *Belfiore v. New York Times Co.*, 826 F.2d 177, 184 (2d Cir.1987); *accord Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir.2003).

Due process requires that prior to the imposition of disciplinary segregation, an inmate be afforded various procedural safeguards, including notice, pre-hearing assistance, a fair and impartial hearing officer, a reasonable opportunity to call witnesses and present documentary evidence, a written disposition, *see Kalwasinski v. Morse*, 201 F.3d 103, 108–10 (2d Cir.1999) (citing *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)), and a sentence supported by some reliable evidence, *see Luna v. Pico*, 356 F.3d 481, 488 (2d Cir.2004). However, other than an allegation that hearing officer Berg was motivated during the second hearing by retaliatory animus occasioned by appellant's successful appeal of the first, appellant does not allege violation of any of these procedural requirements, and appellant's disciplinary sentences were both supported by his own admissions at the respective hearings. The allegation of retaliatory animus is discussed below.

The issuance of false misbehavior reports and provision of false testimony against an inmate by corrections officers is insufficient on its own to establish a denial of due process. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997). Rather, such action violates due process only where either procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him, *see Freeman v. Rideout*, 808 F.2d 949, 952 (2d Cir.1986), or where the fabrication of evidence was motivated by a

desire to retaliate for the inmate's exercise of his substantive constitutional rights, *see Franco v. Kelly*, 854 F.2d 584, 588–89 (2d Cir.1988). *See Grillo v. Coughlin*, 31 F.3d 53, 56–57 (2d Cir.1994) (discussing *Freeman* and *Franco* ). As noted, appellant makes no specific allegation of the denial of any required procedural safeguard.

■■■ Thus, appellant's due process claims must fail absent a showing of retaliatory animus. "A plaintiff alleging retaliatory punishment bears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the prison officials' decision to discipline the plaintiff. The burden then shifts to the defendant to show that the plaintiff would have received the same punishment even absent the retaliatory motivation." *Gayle*, 313 F.3d at 682 (internal citation and quotation marks omitted). "[B]ecause prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir.2003) (internal quotation marks omitted).

With regard to all defendants other than Berg, appellant provides nothing more than conclusory allegations and speculation to support a finding of retaliatory animus.[1] Appellant presents no evidence that the other appellees were even acquainted with Berg or aware of appellant's successful appeal of the first disciplinary sentence. With regard to Berg, appellant makes a weak circumstantial case for retaliatory motive, in that it was Berg's decision of which appellant obtained a reversal, four

---

1. While appellant in his brief purports to ground a claim of First Amendment retaliation on appellee Vaughn's issuance of a misbehavior report charging him with threatening to file a lawsuit, such a claim was not asserted in appellant's complaint and so is not properly before us.

months before Berg imposed a second disciplinary sentence on appellant. However, the hearing record tends to rebut any inference of retaliatory animus, in that Berg acquitted appellant of two of the three charges against him in the second incident and based his sole finding of guilt on appellant's own admission. Thus, appellant's circumstantial evidence against Berg remains too weak to defeat summary judgment. *Cf. Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995) (expressing doubt as to whether very weak circumstantial case that disciplinary rulings were retaliatory would suffice to defeat summary judgment).

Without discussion, the District Court dismissed appellant's Eighth Amendment claims alleging use of excessive force and cruel and unusual prison conditions on the merits with prejudice. We affirm dismissal of these claims on the ground of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e, and accordingly modify the District Court's judgment to dismiss these claims without prejudice. Appellant does not purport to have proceeded beyond the first step of the three-step New York State Department of Correctional Services grievance process. *See* N.Y. Comp.Codes R. & Regs. tit. 7, Part 701 (entitled "Inmate Grievance Program"). Appellant's conclusory assertion that prison officials obstructed his utilization of the grievance process is insufficient to raise a genuine dispute of material fact that would defeat summary judgment.

For the foregoing reasons, the judgment of the District Court is AFFIRMED AS MODIFIED.