**Norman David BROOKS,**
**Plaintiff–Appellant,**

v.

**Friedrich VON LENTHE, Matthias Schmidt, Nikolai Stula, VGH, Sparkasse, Nord LB, Defendants–Appellees.**

No. 06–2407–cv.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

Norman David Brooks, Cumberland, MD, pro se.

Chryssa V. Valletta, McDermott Will & Emery LLP, New York, NY, for Defendant–Appellee Nord LB.

Carmine D. Boccuzzi, Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for Defendants–Appellees VGH, Frederick Von Lenthe, Matthias Schmidt, Nikolai Stula.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, Hon. JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

Plaintiff Norman David Brooks appeals from orders of the district court: (1) dismissing his complaint for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted; and (2) denying his motion for reconsideration pursuant to Fed.R.Civ.P. 59. We assume the parties' familiarity with the facts, the issues on appeal, and the procedural history of the case.

We review the district court's dismissal for lack of personal jurisdiction de novo. Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir.2005). Where, as here, the district court does not hold an evidentiary hearing prior to its ruling, the plaintiff need only set forth a prima facie case that jurisdiction exists over the non-domiciliary defendants. Id. We review a district court's grant of a motion to dismiss pursuant to Fed.R.Civ.P.

---

* The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

**86**

12(b)(6) *de novo* and will "affirm such a dismissal only if it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Boddie v. Schnieder,* 105 F.3d 857, 860 (2d Cir.1997). In evaluating whether a plaintiff has met this requirement, we hold complaints prepared *pro se* to "less stringent standards than formal pleadings drafted by lawyers." *Id.* We review a district court's denial of a motion for reconsideration for abuse of discretion. *India.com, Inc. v. Dalal,* 412 F.3d 315, 320 (2d Cir.2005).

Reviewing the district court's order *de novo,* we conclude that Brooks failed to make a *prima facie* showing that the district court had personal jurisdiction over the non-domiciliary VGH defendants. *See* N.Y. C.P.L.R. § 302(a). The VGH defendants did not transact business in New York, commit tortious acts in New York, commit tortious acts with effects in New York, or own, use, or possess any real property or assets in New York. Brooks also failed to state a claim against defendant Nord/LB. Brooks's sole allegation against Nord/LB, that it owned VGH, is insufficient to state a claim, and there is no basis for the court to "pierce the corporate veil" and treat Nord/LB and VGH as one and the same inasmuch as Brooks failed to allege that Nord/LB exercised complete domination over VGH in general or with respect to the insurance policy at issue in this case.

For substantially the reasons given in the district court's decision adopting the magistrate judge's report and recommendations, and in the district court's subsequent order denying the motion for reconsideration, then, the judgment of the district court is hereby AFFIRMED.