Anna MANNERS, Charles William Manners, Jr., Plaintiffs–Appellants,

v.

UNITED STATES GOVERNMENT SECRETARY OF DEFENSE, also Known as Secretary Of War, United States Army, Defendants–Appellees.

No. 06–5572–CV.

United States Court of Appeals, Second Circuit.

June 15, 2007.

Charles William Manners, Jr., Cooperstown, NY, pro se.

Kevin P. McCart, Captain, United States Army, Litigation Division, Military Personnel Branch, Arlington, VA (Charles E. Roberts, Assistant United States Attorney, Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, on the brief), for Defendants–Appellees.

---

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, and Hon. JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

Charles William Manners, Jr. appeals from an October 13, 2006 judgment entered in the United States District Court for the Northern District of New York (McAvoy, *J.*), 2006 WL 2934379, dismissing the complaint for failure to state a claim.[1] We assume the parties' familiarity with the underlying facts, the procedural history and the issues presented for review.

The complaint demands that the United States return from a military cemetery in the Philippines the body of Staff Sergeant Charles William Manners, who was killed in action during World War II. Under Public Law 80–368 (Aug. 5, 1947), *repealed by* Public Law 89–554 (Sept. 6, 1966), the next of kin of military personnel who died overseas were given the option of having their relatives' remains returned to the United States; back in 1947, according to the complaint, the widow submitted the paperwork necessary to request this option, but her request was never honored.

"We review *de novo* a District Court's grant of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), affirming the dismissal 'only if it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations.'" *Peay v. Ajello*, 470 F.3d 65, 67 (2d Cir.2006) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997)). Complaints drafted by *pro se* plaintiffs are held to less stringent standards than those drafted by lawyers. *Id.*

1. Shortly before oral argument, Plaintiff–Appellant Anna Manners passed away.

We are not as confident as the district court that the complaint invokes no waiver of sovereign immunity. Construed liberally, the complaint seeks injunctive relief to address the alleged violation of a federal statute by an authority of the United States government; the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 701 *et seq.*, waives sovereign immunity as to actions in which a party challenges wrongful agency action and seeks "relief other than money damages." 5 U.S.C. § 702.

In any event, the complaint was properly dismissed. Actions under the APA, like other civil actions against the United States, are subject to the six-year statute of limitations set forth at 28 U.S.C. § 2401(a). *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 652 (2d Cir. 1998). The allegations of the complaint indicate that this action was brought long after six years expired following the date on which Anna and Charles William Manners, Jr. had knowledge of the Army's failure to comply with Anna Manners' request. So, even assuming arguendo (1) that Charles Manners, Jr. has standing to pursue an action after Anna Manners' death, (2) that the failure to return remains to the United States under Public Law 80–368 is an agency action subject to judicial review through a private suit under the APA, and (3) that such a suit could be maintained notwithstanding Public Law 80–368's repeal, the complaint was time-barred.

We have reviewed the remainder of Manners' arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**