# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2010

No. 08-60867
Summary Calendar

Lyle W. Cayce
Clerk

TIMOTHY G PRYER

Plaintiff-Appellant

v.

R. WALKER, Doctor/Health Services Administrator at CMCF III;
SHARON PAIGE, Captain, Central MS Correctional Facility III;
DR. JOSEPH BLACKSTON; CORRECTIONAL HEALTH SERVICE, INC.;
WEXFORD HEALTHCARE RESOURCES; COMMISSIONER
CHRISOPHER EPPS; MARGARET BINGHAM

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-588

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Timothy G. Pryer, Mississippi prisoner # 115393, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim. Because the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed Pryer's claims as both frivolous and for failure to state a claim, review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Pryer's claim of deliberate indifference to his medical needs was properly dismissed. Claims of unsuccessful medical treatment are insufficient to give rise to a claim of deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Moreover, the question whether certain diagnostic studies or forms of treatment are indicated is a "classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Although a medical decision not to order certain testing or alter a treatment regime may form the basis of a state medical malpractice claim, the decision "does not represent cruel and unusual punishment." *Id.*

Pryer's claim of sexual abuse was properly dismissed because, even if it is assumed that a female prison guard rubbed his chest and made comments about his hair and chest during the performance of his electrocardiogram, Pryer has not alleged sufficiently serious assaultive behavior or resulting injury to show a constitutional deprivation. *See Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997). Isolated, unwanted touchings by prison employees are despicable and may form the basis of a state tort action, but they "do not involve a harm of federal constitutional proportions as defined by the Supreme Court." *Id.*

Pryer's claim of retaliation was properly dismissed because he has not stated a valid claim for retaliation under § 1983 against any defendant. *See Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

The district court's judgment is AFFIRMED.