11-2897-pr
Velez v. Fischer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

John Velez,

> *Plaintiff-Appellant,*

> v.                                                          11-2897-pr

John W. Burge, Supt. Elmira C.F.,
Hartke, Corr. Officer, Bruner,
Corr. Officer,

> *Defendants-Appellees,*

Brian Fischer, Comm. NYS DOCS,
Jane Doe, Registered Nurse,

> *Defendants.*

_____

1

**FOR PLAINTIFF-APPELLANT:** John Velez, *pro se*, Stormville, NY.

**FOR DEFENDANT-APPELLEE:** Zainab A. Chaudhry, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from the judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant John Velez appeals the dismissal on summary judgment of his complaint brought pursuant to 42 U.S.C. § 1983 and the denial of his motion to amend. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Denial of leave to amend is reviewed for abuse of discretion. *See Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.") (internal citations, alterations, and quotation marks omitted)). Although "[a] court should freely give leave [to amend] where justice so

2

requires," Fed. R. Civ. P. 15(a)(2),this "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes*, 568 F.3d at 334-35 (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 16(b)(4).

Velez attempted to add Captain Hughes as a defendant 18 months after the magistrate judge's deadline for amending pleadings, and has not shown good cause for the delay. On this record, we cannot say that the district court abused its discretion in denying Velez's motion to amend. *See Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (finding no abuse of discretion in denial of leave to amend where "[t]he plaintiffs delayed more than one year before seeking to amend their complaint" and, at the time they filed their motion, discovery had been completed and a summary judgment motion was pending).

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003).

It is well-settled that a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949,

3

951 (2d Cir. 1986); *see also Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) ("[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report.").  The inmate must show something more, such as that he was deprived of due process during the resulting disciplinary hearing, or that the misbehavior report was filed in retaliation for the inmate's exercise of his constitutional rights.  *See Boddie*, 105 F.3d at 862; *Freeman*, 808 F.2d at 951. Velez urges us to revisit and reconsider these cases.  We decline the invitation.

Finding no merit in Velez's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4