**ALD-047**                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3461

_____

HAYWOOD L. CHAVIS, JR.,
Appellant

v.

UNITED STATES OF AMERICA; BUREAU OF PRISONS; A. SASSAMAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-14-cv-02578)
District Judge:  Honorable Noel L. Hillman

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 25, 2014
Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: December 12, 2014)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Haywood L. Chavis, Jr. appeals from an order of the District Court dismissing his complaint with prejudice[1] for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e. We will summarily affirm the District Court's decision.

Alleging violations of his constitutional rights while he was incarcerated at the Federal Correctional Institution, Gilmer, Chavis sued the United States, the Bureau of Prisons, and correctional officer A. Sassaman under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). He alleged that Officer Sassaman violated Chavis's rights under the First, Fourth,[2] and Eighth Amendments of the United States Constitution when he performed a groin area search on Chavis and when Chavis was subsequently disciplined for resisting that search.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's dismissal of a complaint under to 28 U.S.C. § 1915(e)(2). Under that standard, "[w]e accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in [Chavis]'s favor." McGovern v. City of Phila., 554 F.3d 114,

---

[1] The District Court's order states that Chavis's claims are dismissed with prejudice. The accompanying opinion dismisses the claims without prejudice but also states that it does not appear that Chavis can amend the complaint to cure the deficiencies. For the purposes of this appeal, the language in the order is controlling. See Eakin v. Cont'l Ill. Nat'l Bank & Trust Co., 875 F.2d 114, 118 (7th Cir. 1989) ("In the event of a conflict between the opinion and the judgment, the judgment controls.").

[2] Although Chavis substitutes "Fifth Amendment" for "Fourth Amendment" several times in his pleadings, his argument is clearly made under the Fourth Amendment.

115 (3d Cir. 2009). We will affirm the District Court's decision "if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." Id. We may affirm a District Court's judgment on any grounds supported by the record. Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

Chavis alleges that Officer Sassaman stopped Chavis and performed an improper pat-down search before allowing him to leave kitchen duty. Chavis alleges that Officer Sassaman searched Chavis's genital area by "groping" his testicles and "brushing" his penis. Chavis had what was essentially a flashback to a traumatic childhood experience when Officer Sassaman made contact with his genitals during the search and reacted by striking the officer's hand away and yelling. He was subsequently disciplined for assaulting an officer. The District Court dismissed Chavis's complaint for failure to state a claim, setting forth a number of grounds for the dismissal. Because we may affirm on any grounds supported by the record, we need not discuss each individual deficiency of Chavis's complaint.[3]

The District Court correctly determined that Chavis failed to state a claim under the First Amendment. Chavis's First Amendment claim is based on the fact that his religion prohibits homosexual activity and he argues that having his genital area searched

---

[3] For example, the District Court dismissed Chavis's claims against the Bureau of Prisons and the United States because Chavis failed to allege facts that would establish that those entities were in any way responsible for a violation of his rights. Because we agree that there was no constitutional violation, we need not analyze the question of whether the Bureau of Prisons or the United States could be held liable in any way for Officer Sassaman's conduct.

by a male guard during a pat-down violated his right to exercise his religion. "Inmates clearly retain protections afforded by the First Amendment . . . including its directive that no law shall prohibit the free exercise of religion." DeHart v. Horn, 227 F.3d 47, 50 (3d Cir. 2000) (quoting O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)). The District Court correctly determined that Chavis failed to allege any infringement to his right to free exercise of religion. Chavis alleges the search was conducted "in a homosexual manner." By way of explanation, he alleges that Officer Sassaman "groped [his] groins" and that he "massaged [Chavis's] groins longer than a person or man allegedly doing his job will do." Chavis's contention appears to be that he was forced to participate in homosexual activity. Leaving aside the fact that his characterization of the search does not appear to be supported by the facts as pleaded, Chavis did not point to any policy or procedure related to the search that could constitute an impingement on his right to refrain from homosexual activity.

Insofar as Chavis is alleging that any contact by an officer with his genital area violates his First Amendment right to free exercise because his religion prohibits him from allowing another male to have contact with his genitalia for any purpose, his claim must fail. A prisoner's exercise of constitutional rights is limited by the fact of incarceration as well as by valid penological interests such as institutional security. O'Lone, 482 U.S. at 348. Infringement of an inmate's constitutional rights is permissible if the actions of prison officials are reasonably related to a valid penological interest. Id. at 349. Institutional security justifies a search of an inmate leaving duty in the kitchen, where Chavis was a "veggie preparer" in an area where knives and other

sharp objects are available to prisoners. A routine pat-down is understood to include a search of the groin area. See, e.g., Terry v. Ohio, 392 U.S. 1, 17 n.13 (describing a routine pat-down as involving "the groin and area about the testicles"); Bradley v. United States, 299 F.3d 197, 201 (3d Cir. 2002). Chavis has failed to state a claim for relief under the First Amendment.

The District Court also properly dismissed Chavis's Fourth Amendment claims. Correction officials have wide latitude to "devise reasonable search policies to detect and deter the possession of contraband in their facilities." Florence v. Bd. of Chosen Freeholders, 132 S. Ct. 1510, 1517 (2012). Although Courts are sensitive to the intrusive nature of a search involving contact with a person's genital areas, we have upheld equally intrusive pat-down searches in circumstances even outside the prison setting. See Bradley, 299 F.3d at 201 (pat-down search at border where officer pushed on breasts and "into the inner and outer labia" through the plaintiff's clothing was reasonable).

As noted above, Chavis was leaving an area of the prison where prisoners on work detail have access to knives and other contraband to rejoin the general population. Courts have described the mechanism for a standard pat-down search involving precisely the acts of which Chavis complains. See Terry, 392 U.S. at 17 n.13 ("The officer must feel with sensitive fingers every portion of the prisoner's body. A thorough search must be made of the prisoner's arms and armpits, waistline and back, the groin and area about the testicles, and entire surface of the legs down to the feet."). Chavis has not pleaded facts to show that the search of his person upon leaving the kitchen, including the search of his genital area, was unreasonable. He has not stated a claim under the Fourth Amendment.

5

Chavis also alleged that the search of his genital area violated his rights under the Eighth Amendment. "Because sexual abuse by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." See Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997). However, in order to constitute an Eighth Amendment claim, the incidents complained of must be "sufficiently serious" or "cumulatively egregious in the harm they inflicted." Id. Even a series of incidents that could be described as "despicable" that could form the basis of legitimate state tort actions may not rise to the level of an Eighth Amendment violation. Id. Accepting as true Chavis's description of the search, it appears that Officer Sassaman simply performed a thorough pat-down search that included Chavis's genital area. Chavis admits that his reaction to the search was largely a result of his own traumatic personal history. However, even if Officer Sassaman's actions were improper, this isolated incident with no aggravating factors does not rise to the level of an Eighth Amendment violation. Chavis failed to state a claim for relief under the Eighth Amendment.

Finally, the District Court correctly dismissed Chavis's claims for injunctive relief. Although Chavis requested a "preliminary injunction" in his complaint, it is clear that he seeks to permanently enjoin prison officials from retaliating against him because of this suit. "[A] plaintiff seeking an injunction must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical." Marcavage v. Nat'l Park Serv., 666 F.3d 856, 862 (3d Cir. 2012)(quotation marks omitted). Chavis bases his claim that he will be retaliated

against on the fact that he was disciplined for slapping Officer Sassaman's hand away during the search. In order to show retaliation, Chavis must show that he engaged in protected activity, that a government actor responded with retaliation, and that the protected activity was the cause of the retaliation. Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997). Chavis admits that he committed the act for which he was disciplined and has made no argument that removing the officer's hand from his groin during a search was in any way a constitutionally protected act. His pleaded facts do not show past retaliation. Even if Chavis could demonstrate previous retaliation, "[i]n order to obtain standing for prospective relief, the plaintiff must establish a real and immediate threat that he would again be the victim of the allegedly unconstitutional practice." Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987). He has not pleaded facts to support a determination that he is likely to suffer future retaliation and therefore failed to state a claim for injunctive relief.

In defense of his appeal, Chavis makes only two arguments. He first argues that the District Court should have allowed him to amend his complaint. "Under Rule 15(a), if a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed, such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The District Court dismissed Chavis's claims with prejudice because any attempt at amendment would be futile. Chavis did not, in defense of his appeal, offer any possible amendment that would have

cured the defects in his complaint.  He has not raised a substantial question regarding the District Court's dismissal of his complaint with prejudice.

Chavis also argued that the District Court should have permitted a forensic evaluation before dismissing his complaint to establish that he is currently experiencing Post Traumatic Stress Disorder.  The District Court was required to and did accept Chavis's factual allegations as true for the purposes of dismissal of his complaint.  See McGovern, 554 F.3d at 115.  A forensic evaluation of Chavis was neither necessary nor appropriate at that stage of the litigation.

There being no substantial question presented on appeal, we will summarily affirm the decision of the District Court dismissing Chavis's Bivens action.