16-3466-cv
*Crawford, et al. v. Cuomo, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand eighteen.

Present:
　　　　ROBERT A. KATZMANN,
　　　　　　　*Chief Judge*,
　　　　AMALYA L. KEARSE,
　　　　　　　*Circuit Judge*,
　　　　J. PAUL OETKEN,
　　　　　　　*District Judge*.[*]

_____

JAMES CRAWFORD, THADDEUS CORLEY,

　　　*Plaintiffs-Appellants*,

　　　　　　　v.　　　　　　　　　　　　　　No. 16-3466-cv

ANDREW CUOMO, as Governor of the State of
New York, in his official capacity, BRIAN FISCHER,
Commissioner of Department of Corrections and
Community Supervision, in his official capacity,
Superintendent WILLIAM P. BROWN, in his official
and personal capacities, Superintendent WILLIAM

---

[*] Judge J. Paul Oetken, United States District Court for the Southern District of New York, sitting by designation.

1

LARKIN, in his official capacity, Corrections Officer
SIMON PRINDLE,

        *Defendants-Appellees*,

JOHN DOES, Corrections Officers 1-8,

        *Defendants.*[**]

_____

| | |
|---|---|
| For Plaintiffs-Appellants: | ZACHARY MARGULIS-OHNUMA (Adam Elewa, Law Office of Zachary Margulis-Ohnuma, New York, NY; Adam D. Perlmutter, Daniel A. McGuinness, Victoria Nicole Medley, Perlmutter & McGuinness, PC, New York, NY, *on the brief*). |
| For Defendants-Appellees: | BRIAN D. GINSBERG, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Victor Paladino, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY. |

Appeal from the United States District Court for the Northern District of New York

(Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants James Crawford and Thaddeus Corley appeal the decision of the

United States District Court for the Northern District of New York (Mordue, *J.*) dismissing the

complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that defendants-appellees Simon

Prindle and William P. Brown were entitled to qualified immunity for the conduct alleged to

have occurred in 2011. Crawford and Corley claim that Prindle fondled their genitals during pat-

---

[**] The Clerk of Court is directed to amend the caption as set forth above.

frisks when they were inmates at a state prison, and that Brown was deliberately indifferent to Prindle's predations, all in violation of the Eighth Amendment. In a previous appeal, we expounded upon an inmate's right to be free of sexual abuse in light of evolving standards of decency and ruled that plaintiffs' complaint stated a cause of action. *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015) (*Crawford I*). The nub of the question before us is whether an official who engaged in abhorrent conduct that would not be condoned post-*Crawford I* would nonetheless be entitled to qualified immunity if the conduct occurred before *Crawford I* when the right the plaintiffs claim had arguably not yet been clearly established. On remand, the district court awarded Prindle and Brown qualified immunity. We assume the parties' familiarity with the remaining facts and procedural history of this case, as well as the issues on appeal. "We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (internal quotation marks omitted).

A state official is entitled to qualified immunity "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A right is clearly established when its "'contours . . . are sufficiently clear'" that, at the time of the challenged conduct, "every 'reasonable official would have understood that what he is doing violates that right.'" *Id.* at 741 (alterations omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "[G]eneral statements of the law are not inherently incapable of giving fair and clear warning to officers,"

3

but "existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 552, 551 (2017) (per curiam) (internal quotation marks omitted). "The dispositive question is 'whether the violative nature of the *particular* conduct is clearly established.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting *al-Kidd*, 563 U.S. at 742).

Plaintiffs first argue that the violative nature of Prindle's conduct was clearly established by *Boddie v. Schnieder*, where we stated that "sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." 105 F.3d 857, 860–61 (2d Cir. 1997). This argument is not persuasive. Although *Boddie* held that inmate sexual abuse could, in principle, violate the Eighth Amendment, it concluded that a "small number of incidents in which [the plaintiff] allegedly was verbally harassed, touched, and pressed against without his consent" were insufficient to state a claim. *Id.* at 861. Contrary to plaintiffs' argument, the allegations we considered in *Boddie* are quite similar to the allegations here. A reasonable officer could therefore have believed that the sexual abuse here alleged, even if it might violate state criminal law or subject him to tort liability, did not violate the Eighth Amendment. At a minimum, any constitutional distinction between this case and *Boddie* was not clearly established in March 2011.

Our statement in *Crawford I* that "[t]he standard set forth in *Boddie*, which condemns Prindle's alleged conduct, remains the same today" does not compel a different conclusion, because we simultaneously stated that "conduct that might not have been seen to rise to the severity of an Eighth Amendment violation 18 years ago may now violate community standards of decency, and for that reason, we believe that the officer's conduct in *Boddie* would flunk its

4

own test today." *Crawford* I, 796 F.3d at 259–60. For this reason, an officer who sexually abuses an inmate following *Crawford I* will not prevail by arguing that he did not violate clearly established law. However, because Prindle allegedly abused the plaintiffs in 2011, they do not have the benefit of the decision.

Plaintiffs next argue that, in 2011, out-of-circuit authorities "clearly foreshadow[ed]" our holding in *Crawford I* that Prindle's actions violated the Constitution. *See Terebesi v. Torreso*, 764 F.3d 217, 231 (2d Cir. 2014). We disagree. Although some other courts had described an inmate's right to be free of sexual abuse in admirably clear, broad terms,[1] "[t]he dispositive question is whether the violative nature of the *particular* conduct is clearly established," *Mullenix*, 136 S. Ct. at 308 (internal quotation marks omitted), and out-of-circuit authority was, at the time, sharply divided on whether abuse comparable to Prindle's was cruel and unusual. *Compare, e.g.*, *Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005) (per curiam) (finding insufficient, for Eighth Amendment purposes, allegations of "rubbing and grabbing [plaintiff's] buttocks in a degrading and humiliating manner during a 'shakedown' in the prison food area"), *with Berry v. Oswalt*, 143 F.3d 1127, 1131 (8th Cir. 1998) (finding evidence sufficient where officer "had attempted to perform nonroutine patdowns on [plaintiff], had propositioned her for sex, had intruded upon her while she was not fully dressed, and had subjected her to sexual comments"). Accordingly, out-of-circuit authorities did not clearly foreshadow *Crawford I*'s holding.

---

[1] *E.g.*, *Schwenk v. Hartford,* 204 F.3d 1187, 1197 (9th Cir. 2000) ("A sexual assault on an inmate by a guard—regardless of the gender of the guard or of the prisoner—is deeply offensive to human dignity." (internal quotation marks omitted)); *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) ("[A]n inmate has a constitutional right to be secure in her bodily integrity and free from attack by prison guards." (internal quotation marks omitted)).

Plaintiffs also invoke the legislative developments that underpinned *Crawford I*'s expansion of an inmate's right to be free of sexual abuse. *See Crawford I*, 796 F.3d at 259–60. They argue both that *Boddie* is a self-updating decision that incorporated future legislative developments into this Court's case law without the need for further judicial decisions and that these legislative developments clearly foreshadowed *Crawford I*. We are not persuaded. Although we may consider legislative materials when analyzing qualified immunity, we do so "in conjunction with prevailing circuit or Supreme Court law," *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 433–34 (2d Cir. 2009), not in place of it. The legislative developments plaintiffs point to cannot clearly establish or foreshadow the holding in *Crawford I*, where our cases suggested that conduct like Prindle's, although reprehensible and possibly criminal, did not violate the Eighth Amendment, and out-of-circuit authority at best made the constitutionality of Prindle's conduct debatable.

Finally, plaintiffs argue that immunizing defendants-appellees' conduct would contravene the purposes of qualified immunity because Prindle, in sexually abusing Crawford and Corley, acted far beyond the scope of his legitimate duties. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions," *al-Kidd*, 563 U.S. at 743, but at the same time, "[w]here an official could be expected to know that certain conduct would violate statutory or constitutional rights, he should be made to hesitate," *Harlow*, 457 U.S. at 819. We are in full agreement that Prindle's alleged conduct was repugnant and intolerable, and, as we noted at the outset, would clearly not be condoned if it occurred today in light of *Crawford I*. But qualified immunity does not "turn on the precise nature of various officials' duties or the precise character of the particular rights

alleged to have been violated," *Anderson*, 483 U.S. at 643, and the sole question we must answer is whether the "federal right on which the claim for relief is based" was clearly established at the time of the challenged conduct, *see Elder v. Holloway*, 510 U.S. 510, 515 (1994). Because we conclude that the unconstitutional nature of Prindle's abuse was not clearly established in 2011, qualified immunity was properly recognized.[2]

We have considered the parties' remaining arguments and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] This holding compels the further conclusion that it was likewise not clearly established that Brown's deliberate indifference to Prindle's abuses was unconstitutional.

7