**Damaso RIVERA, Plaintiff,**

v.

**Jo Anne BARNHART, Commissioner of Social Security, Defendant.**

### No. 04 CV 6025 VM.

United States District Court, S.D. New York.

June 29, 2007.

### DECISION AND ORDER

MARRERO, District Judge.

Pro se plaintiff Damaso Rivera ("Rivera") brought this action, pursuant to 42 U.S.C. § 405(g), for review of the decision of the Commissioner of Social Security ("Commissioner") denying his claims for Supplemental Security Income ("SSI") and social security disability insurance ("SSD"). The Court granted the Commissioner's motion for remand on the basis that the Administrative Law Judge ("ALJ") had failed to fully develop the administrative record with respect to Rivera's claims. Rivera now moves to reopen the case and for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"). For the reasons discussed below, Rivera's motion is DENIED with respect to his SSI claim. The Court finds that further clarification is required with regard to Rivera's SSD claim.

### I. BACKGROUND

On December 13, 2001, Rivera applied for, and was denied, SSI and SSD benefits under Title XVI and Title II of the Social Security Act ("the Act").[1] Rivera requested a review of that denial, during which the ALJ also reexamined Rivera's previous applications pursuant to the terms of *Stieberger v. Sullivan*, 801 F.Supp. 1079 (S.D.N.Y.1992), a class action settlement order under which class members are permitted to reopen certain past claims that were denied by the Social Security Administration ("SSA"). *Id.* at 1086. On March 26, 2003, the ALJ denied all of Rivera's claims for disability benefits based on a finding that Rivera was not "disabled"

Damaso Rivera, New York, NY, pro se.

1. For a more detailed procedural history and discussion of Rivera's medical history and previous disability benefits claims, see *Rivera v. Barnhart,* 379 F.Supp.2d 599 (S.D.N.Y. 2005).

within the meaning of the Act. Rivera appealed the ALJ's decision to the SSA's Appeals Council, which denied his request for review.

On July 7, 2004, Rivera filed a complaint in this Court seeking review of the Commissioner's final determination denying Rivera's application for SSI and SSD benefits. The Court subsequently granted the Commissioner's motion to remand the case for further proceedings on the ground that the ALJ had failed to fully develop the administrative record with respect to Rivera's claims. The Court specifically retained jurisdiction over any future proceedings that might be required in connection with Rivera's application. Upon remand, the ALJ issued a decision on April 4, 2006, awarding Rivera SSI benefits as of January 1, 1987. The ALJ also concluded that Rivera met the earnings requirement of Title II of the Act from October 1, 1998 through March 31, 2004, and he directed the SSA to take further action to determine whether Rivera is entitled to receive SSD benefits.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

■ In deciding a Rule 12(c) motion, a court applies the same standard as that applicable to a motion under Federal Rule of Civil Procedure 12(b)(6). *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994). A court must accept the facts presented in the non-movant's pleadings as true, and draw all reasonable inferences in that party's favor. *See id.* In addition, complaints prepared pro se are held "to less stringent standards than formal pleadings drafted by lawyers." *Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997) (*quoting Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

■ A plaintiff who brings a motion for judgment on the pleadings challenging the Commissioner's determination as to whether he is entitled to disability benefits must show that the determination either was based on legal error or was unsupported by substantial evidence. *See Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir.1982). With respect to issues of fact, a reviewing court does not decide *de novo* whether a plaintiff is entitled to benefits. *See Goldstein v. Apfel*, No. 97 Civ. 2933, 1998 WL 99562, at *5 (S.D.N.Y. March 5, 1998).

### B. *SSI CLAIM*

■ Rivera alleges that the ALJ erred in finding that he is entitled to SSI benefits only as of January 1, 1987. Rivera suggests that he should be awarded benefits prior to that time because he has suffered from several serious medical conditions, including severe chronic urethral stricture and severe meatus stenosis, since December 3, 1975. Indeed, Rivera has submitted extensive documentation in support of the contention that his medical conditions arose at that time. Rivera's complaint states, somewhat inconsistently, that his urological and other medical difficulties began approximately in 1982.

In light of the terms of the *Stieberger* settlement, however, Rivera's entitlement to SSI benefits does not depend on whether he was disabled prior to 1987 because that is the earliest year for which Rivera or any other class member is entitled to benefits. *See Stieberger*, 801 F.Supp. at 1091–92. Specifically, class members may receive benefits beginning in "the first full month that began within four years of the date halfway between April 1, 1991, and the date of settlement. . . ." *Id.* The date halfway between April 1, 1991 and June 22, 1992, the date the *Stieberger* settle-

ment, falls in mid-November, 1991. Therefore, under the terms of *Stieberger*, Rivera is not entitled to receive disability benefits prior to December 1, 1987.

As the Commissioner notes, the ALJ awarded benefits as of January 1, 1987 rather than December 1, 1987. It appears, therefore, that if a mistake was made by the ALJ, it was made in Rivera's favor.

Rivera takes issue with the ALJ's finding that "[c]laimant has been under a disability since January 1, 1987." (Decision of ALJ Tannenbaum, dated April 4, 2006, attached to Pl.'s Mot., at 4.) As explained above, because of the terms of the *Stieberger* settlement, the ALJ reviewed Rivera's claim of disability only for the time period beginning January 1, 1987 and made no finding with respect to Rivera's condition prior to that date. (*See id.* at 2.)

Because the ALJ did not incorrectly apply the terms of the *Stieberger* settlement in a manner unfavorable to Rivera, Rivera's motion for judgment on the pleadings must be denied with respect to his claim that he is entitled to SSI benefits prior to January 1, 1987.

## C.  *SSD CLAIM*

█  Rivera also alleges that he is entitled to SSD benefits pursuant to the ALJ's decision, which stated: "The undersigned notes that claimant met the special earnings requirement of Title II of the Act from October 1, 1998 through March 31, 2004. The appropriate component [of the SSA] should determine whether claimant is entitled to Title II benefits." (*Id.* at 5.) Rivera alleges that the SSA has failed to take further steps in connection with the ALJ's order.

It is not clear from the record before the Court whether Rivera's application for SSD benefits in December, 2001 was a new application or an application to reopen a previously denied SSD application under *Stieberger*. It is also unclear whether Rivera is currently entitled to SSD benefits, and whether the SSA has taken any action in this regard pursuant to the ALJ's decision. Accordingly, the Commissioner is directed to provide the Court with a status report clarifying these matters.

## III.  *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 20) of plaintiff Damaso Rivera ("Rivera") for judgment on the pleadings is DENIED with respect to his claim that he is entitled to Supplemental Security Income benefits prior to January 1, 1987; and it is further

**ORDERED** that within thirty (30) days of this Order the Commissioner of Social Security shall provide the Court with a report stating on which dates, if any, Rivera applied for social security disability insurance ("SSD") prior to December 31, 2001, and explaining what actions have been taken pursuant to Administrative Law Judge Wallace Tannenbaum's decision, dated April 4, 2006, directing the Social Security Administration to determine whether Rivera is entitled to SSD benefits.

**SO ORDERED.**