NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0466n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| MARTIN TONY SOLOMON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MICHIGAN DEPARTMENT OF | ) | THE WESTERN DISTRICT OF |
| CORRECTIONS, | ) | MICHIGAN |
| | ) | |
| Defendant, | ) | |
| | ) | |
| UNKNOWN TERVO; M. CODY; | ) | |
| L. BUCKNER, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**FILED**

*May 01, 2012*

LEONARD GREEN, Clerk

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Martin Tony Solomon, a Michigan prisoner proceeding *pro se*, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983.

In March 2010, Solomon sued the Michigan Department of Corrections; the Director of the Department of Corrections, Patricia Caruso; the Marquette Branch Prison; the prison Warden, Gerald Hofbauer; a prison correctional officer, Joel Tervo; and two prison supervisory officers, Matthew Cody and Lewis Buckner. Solomon claimed that the defendants violated his Eighth Amendment rights when: 1) Tervo sexually assaulted him on two occasions during pat-down searches; 2) Cody

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

and Buckner failed to protect him from Tervo's sexual advances; 3) Hofbauer erroneously ruled against him on administrative appeal; and 4) Caruso failed to respond to "several request letters."

The district court issued an order dismissing the complaint against the Department of Corrections, the prison, Caruso, and Hofbauer. The remaining defendants filed a motion for summary judgment, to which Solomon responded.

A magistrate judge recommended that the district court grant summary judgment in favor of the defendants, concluding that: 1) Solomon failed to exhaust his administrative remedies with respect to Buckner and Cody; 2) Tervo's conduct did not rise to the level of an Eighth Amendment violation; 3) Buckner and Cody were not deliberately indifferent to Solomon's safety because they investigated his allegations and determined that the evidence did not support his complaints against Tervo; 4) Solomon's official-capacity claims were barred by Eleventh Amendment immunity; and 5) Solomon's individual-capacity claims were barred by qualified immunity.

Solomon filed objections, generally stating that he objected "to the entire content of the magistrate's findings." He specifically argued, however, that: 1) the magistrate judge erred in concluding that he did not exhaust his administrative remedies against Buckner and Cody because the exhaustion requirement was excused by those defendants' threats that he should not pursue any grievance against them; and 2) the magistrate judge erred in recommending summary judgment on his claim against Tervo because Tervo's conduct amounted to a sexual assault, not mere sexual harassment. The district court overruled Solomon's objections and granted summary judgment for Tervo, Buckner, and Cody.

On appeal, Solomon argues that the district court erred when it concluded that: 1) Tervo's alleged sexually assaultive conduct did not rise to the level of an Eighth Amendment violation; and

2) Buckner and Cody's alleged threats did not excuse his burden of exhausting his administrative remedies.

Solomon presents no arguments on appeal challenging the dismissal of his claims against the remaining defendants. Therefore, these claims are deemed abandoned and not reviewable on appeal. *See Grace Cmty. Church v. Lenox Twp.*, 544 F.3d 609, 618 n.1 (6th Cir. 2008). We will not review the magistrate judge's recommendation that the district court grant summary judgment with respect to: 1) Solomon's claims that Buckner and Cody were deliberately indifferent to his safety; 2) his official capacity claims against these defendants; and 3) his individual capacity claims against these defendants because Solomon did not raise specific objections to these issues in his objections to the magistrate judge's report. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985). Although Solomon raised a general objection to "all of the magistrate's findings," such a general objection is insufficient to satisfy the objection requirement. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).

The district court did not err when it granted summary judgment in favor of the defendants with respect to Solomon's remaining claims. We review a grant of summary judgment *de novo*. *Dixon v. Gonzales*, 481 F.3d 324, 330 (6th Cir. 2007). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Eighth Amendment prohibits any punishment that violates civilized standards of decency or reflects unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976). A viable Eighth Amendment claim has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the pain be sufficiently serious within the context of "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992) (internal quotation marks and citation omitted). The subjective

component requires the plaintiff to show that the defendant acted with deliberate indifference to an inmate's health or safety. The plaintiff must show that prison officials had a "sufficiently culpable state of mind," where the officials were aware of and disregarded an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 834 (internal quotation marks and citation omitted).

Tervo's alleged misconduct does not rise to a constitutional level. Minor, isolated incidents of touching, even if coupled with offensive sexual remarks, do not rise to the level of an Eighth Amendment violation. *See Boddie v. Schnieder*, 105 F.3d 857, 859–61 (2d Cir. 1997).

Solomon's allegations that Tervo "sexually assaulted" him involve two brief incidents of physical contact during pat-down searches, coupled with sexually offensive remarks. On one occasion, Tervo allegedly groped Solomon's penis, both inside and outside of his pants, while making sexually suggestive comments. However, Solomon acknowledged that Tervo searched his "groin area," indicated that he felt something, and then checked inside of Solomon's pants while informing Solomon that he was checking to make sure that Solomon was not stealing anything from the kitchen. Although Solomon alleged that he warned Tervo that he intended to file a grievance concerning the pat-down, and that Tervo squeezed his penis hard enough to cause pain, Solomon did not allege that he was injured. On another occasion, Solomon alleged that he attempted to leave the kitchen area after completing his work detail, but that Tervo blocked his way, pressed his erect penis into Solomon's buttocks during the search, and made sexually suggestive remarks about Solomon's buttocks. He also alleged that Tervo grabbed his penis. However, Solomon again acknowledged that this conduct occurred during a pat-down, that Tervo prevented him from leaving prior to the pat-down, and instructed Solomon to comply with the pat-down. These isolated incidents of "sexual" touching, even coupled with sexual remarks, do not rise to the level of a constitutional violation. *Id*. Although Solomon complains of conduct that would certainly be improper, the record reflects

that the conduct was brief, and limited to the context of two pat-down searches that were warranted after Solomon had completed his work detail in the kitchen. Moreover, the prison conducted investigations into Solomon's allegations, but dismissed them as unsupported by the evidence.

Furthermore, the district court did not err when it concluded that Solomon was required to exhaust his administrative remedies against Buckner and Cody prior to filing his § 1983 complaint. The Prison Litigation Reform Act of 1995 requires that prisoners exhaust "available" prison grievance procedures before filing a § 1983 claim. 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory . . . and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prisoner must properly exhaust his remedies before filing his § 1983 complaint. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Solomon does not dispute that he failed to exhaust his remedies against these defendants because he did not name them in his Step I grievances. Instead, he argues that Buckner and Cody threatened him about pursuing a grievance against them and that, pursuant to *Woodford*, these threats relieved him of his duty to exhaust his administrative remedies. The district court properly rejected this argument because *Woodford* does not stand for the proposition Solomon espouses. Rather, *Woodford* explicitly requires proper exhaustion before an inmate may file a § 1983 complaint. *Id*.

We affirm the district court's judgment.