**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4417
_____

ROSCHEIM WILKERSON,
Appellant

v.

SUPERINTENDENT SOMERSET SCI; CORRECTIONAL OFFICER CONN;
CAPTAIN SNYDER; UNIT MANAGER WESTLEY; GRIEVANCE COORDINATOR
HEIDI STROKA; CHIEF GRIEVANCE OFFICER KERI MOORE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-13-cv-00203)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 17, 2014

Before:  JORDAN, COWEN  and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 22, 2014)
_____

OPINION
_____

PER CURIAM

Roscheim Wilkerson, proceeding pro se, appeals from the District Court's order

dismissing his complaint for failure to state a claim pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).  For the reasons that follow, we will affirm.

Wilkerson, a Pennsylvania prisoner at SCI-Somerset, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that on or about April 2, 2013, Corrections Officer ("C.O.") Conn denied his request to use a restroom by stating, "No, you will not be allowed to use that restroom to perform any homosexual acts." C.O. Conn allegedly made additional, unspecified "disturbing and homophobic" comments at that time. Dkt. No. 3, at 2. Wilkerson also alleged that his grievance arising from C.O. Conn's statements was mishandled, causing him to miss the relevant deadline for his second appeal. Wilkerson contended that this was a "cover-up." Id. at 4-6. Wilkerson also alleged that C.O. Conn and other prison officials retaliated against him due to his filing of a grievance, both by causing other inmates to "jok[e] and mimic[]" him, id., and by his being "'black-balled' from employment, classes, or any other enity [sic] that would help me financially or educationally." Id. at 9.

A Magistrate Judge screened Wilkerson's complaint pursuant to 28 U.S.C. § 1915A, and recommended dismissing the complaint for failure to state a claim and granting leave to amend. Wilkerson filed objections to the report and recommendation, but did not file an amended complaint. The District Court adopted the Magistrate Judge's report and recommendation, dismissed the complaint and stated, without analysis, that further leave to amend would be inequitable. Wilkerson timely appealed.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). We exercise plenary review over the District Court's dismissal

2

order.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).  Dismissal of a pro se plaintiff's complaint without leave to amend is proper under 28 U.S.C. § 1915(e)(2)(B) only when amendment of the complaint would be inequitable or futile.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Upon review, we conclude that the District Court correctly determined that Wilkerson's complaint should be dismissed without leave to amend, as none of the facts alleged in the complaint constituted a viable claim.  Wilkerson's claim based on the statements made by C.O. Conn was properly dismissed.  Pursuant to 42 U.S.C. § 1997e(e), an inmate cannot bring a civil action for emotional injury without a prior showing of a physical injury.  Since Wilkerson was essentially claiming that he was belittled by C.O. Conn's statements without any physical altercation or injury, § 1997e(e) would prevent this claim and render amendment futile.  Wilkerson's argument in reliance on Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997), is unavailing, as that case held that "[t]he isolated episodes of harassment and touching alleged by [the plaintiff] are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court."  Id. at 861 (quotations and citations omitted).

3

Wilkerson's claim that his grievance was mishandled was also properly dismissed. Prisoners do not have a constitutional right to prison grievance procedures, nor do they have a liberty interest protected by the Due Process Clause in those procedures. See Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd, 74 F.3d 1226 (3d Cir. 1995) (holding that if a state elects to provide a grievance mechanism, violations of its procedures do not give rise to a § 1983 claim); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases and stating that "[t]he courts of appeals that have confronted the issue are in agreement that the existence of a prison grievance procedure confers no liberty interest on a prisoner."). Accordingly, it would have been futile for the District Court to permit Wilkerson to amend this claim.

Wilkerson's final claim, which alleged that he experienced retaliation as a result of filing his grievance, was also properly dismissed without leave to amend. The elements of a retaliation claim are: (1) constitutionally protected conduct, (2) an adverse action by prison officials that is sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (internal quotations omitted). The requisite causal connection can be demonstrated by "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). Wilkerson merely stated that he was being retaliated against; he did not plead any facts

4

that would satisfy the causation element of his retaliation claim. Likewise, his appellate brief does not suggest that he could supplement the facts supplied in the complaint, and instead characterizes the alleged impediments to his vocational and educational activities as discrimination. We therefore conclude that the dismissal of his complaint without leave to amend was proper.

For the foregoing reasons, we will affirm.