**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2775
_____

ANDREW MCCORMICK,
Appellant

v.

OFFICER KLINE, SCI SOMERSET
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-16-cv-00048)
Magistrate Judge:  Honorable Keith A. Pesto
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2016
Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: December 2, 2016)
_____

OPINION[*]
_____

PER CURIAM

 Pro se appellant Andrew McCormick appeals the Magistrate Judge's order sua

sponte dismissing his complaint for failure to state a claim without allowing him leave to

amend.  For the reasons discussed below, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McCormick is an inmate at S.C.I. Benner.  His present federal claim alleges that Officer Kline, a corrections officer at S.C.I. Somerset, violated his Eighth and Fourteenth Amendment rights by standing outside McCormick's cell while licking his lips in a sexually suggestive manner and referring to a previous alleged assault committed against McCormick by a doctor at S.C.I. Graterford.  McCormick's complaint states, without additional detail, that "this is not the first time issues like this occurred" and that he has filed grievances stemming from similar incidents in the past, but prison security changed the dates of the incidents and denied them.  Dist. Ct. Rec. Doc. 4 at p. 3. McCormick requested a federal investigation of both Somerset and Graterford prisons regarding the ongoing sexual harassment and actual assault and battery.[1]  He did not request money damages but queried whether he should.

Magistrate Judge Pesto, acting by consent pursuant to 28 U.S.C. § 636(c)(1), sua sponte dismissed the complaint for failure to state a claim and denied leave to amend. Relying on City of Los Angeles v. Lyons, 461 U.S. 95 (1983), Magistrate Judge Pesto held that one past incident of abuse, even if serious, does not confer standing to seek injunctive relief.  Further, to find that qualified immunity would apply to an amended complaint, and thus render any amendment futile, the Magistrate Judge relied on the proposition that "[i]t is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment."  See McBride v. Deer, 240 F.3d

---

[1] Concurrent with the present suit against Officer Kline, McCormick filed a civil action against four other officers and two nurses at S.C.I. Somerset alleging actual assault and battery; that case is pending before Magistrate Judge Pesto.  See W.D. Pa. Civ. No. 16-cv-00049.

1287, 1291 n.3 (10th Cir. 2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000); Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997). McCormick filed a timely notice of appeal, restating the claims of his concurrent pending action and further alleging the nurses were "smart" with him while he received stiches, and that in 2011 a doctor surgically placed electronic chips in his brain. McCormick has filed a brief in support of his appeal which we consider in addition to the record before the District Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the Magistrate Judge's decision to dismiss, and review the denial of leave to amend for abuse of discretion. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). In looking at the complaint, we must accept as true the factual allegations and all reasonable inferences that can be drawn therefrom. Allah, 229 F.3d at 223. To survive dismissal, a plaintiff's claim of injury or imminent danger must be plausible on its face, such that the court could reasonably infer that the defendant is liable for the conduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We may affirm on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We agree with the Magistrate Judge that McCormick failed to state a claim for injunctive relief. Absent a real and immediate threat of future injury by the defendant, injunctive relief is not an appropriate remedy for the emotional consequences of single prior act. Lyons, 461 U.S. at 107 n.8. Taken as true, the factual matter in McCormick's complaint against Officer Kline details one act of verbal sexual harassment and vague references to similar instances in the past. No real and immediate threat of future injury

3

by Officer Kline is alleged, nor are any facts pleaded that would allow a court to infer that it is plausible—not merely possible—that Officer Kline is liable for some actual or imminent injury. See Iqbal, 556 U.S. at 678. Accordingly, the complaint fails to state a plausible claim for relief and was properly dismissed.

The Magistrate Judge also denied leave to amend, reasoning that an amended complaint seeking monetary damages as compensation for a constitutional violation would be futile because Officer Kline would be entitled to qualified immunity. See 28 U.S.C. § 1915(e)(2)(B)(iii) (providing the court shall dismiss the case at any time if the action seeks monetary relief against a defendant who is immune from such relief); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). "[A]mendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). We allowed McCormick to file a brief with specific instructions to address whether the Magistrate Judge properly dismissed Appellant's complaint without leave to amend on the basis of qualified immunity.

After reviewing McCormick's brief, we conclude the dismissal without leave to amend was proper. In his pleadings before the District Court, McCormick stated generally that various other instances of harassment had occurred, but he gave no specifics. McCormick's brief in this Court includes claims against prison staff and nurses for conspiring against him as retaliation for filing a grievance against Officer Kline. However, McCormick alleges no additional harassment – verbal or otherwise – by Officer Kline specifically. While the Magistrate Judge's finding regarding qualified

4

immunity may have been premature, we may affirm on any ground supported by the record.  Tourscher, 184 F.3d at 240.  McCormick has not come forward with facts or allegations sufficient to state a claim against Officer Kline.  Furthermore, any instances of physical abuse by the prison staff would be properly addressed in his pending action.  Therefore, it would be futile to allow leave to amend.

For these reasons, we will affirm the Magistrate Judge's decision to dismiss for failure to state a claim without leave to amend.