McNab v. Doe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand seventeen.

**PRESENT:**
> JON O. NEWMAN,
> DENNIS JACOBS,
> *Circuit Judges,*
> LEWIS A. KAPLAN, *
> *District Judge.*

---

Radcliffe O'Brian McNab,

> *Plaintiff - Appellant,*

v.                                                           **16-527**

C.O. John Doe #1 a.k.a. Mo, Correctional Officer
of Ulster Correctional Facility, R. Miller,
Correctional Officer; Ulster Correctional Facility,
Gutierrez, C.O.,

> *Defendant - Appellees,*

The State of New York, C.O. Miller, Correctional
Officer of Ulster Correctional Facility, John Doe #2,
Correctional Officer of Ulster Correctional Facility,
Eric T. Schneiderman, New York State Attorney
General, Brian Fischer, Commissioner, New York
State Department of Corrections and Community

---

\* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Supervision, Scott C. Carlsen, Superintendent, Ulster Correctional Facility, Robert I. Morton, Deputy Superintendent, Ulster Correctional Facility, Sgt. Bell, Riverview Correctional Facility, R. Wood, Correctional Officer, Ulster Correctional Facility, Black, FOIL Officer, Ulster Correctional Facility,

*Defendants.*

_____

**FOR PLAINTIFF-APPELLANT:** RADCLIFFE O'BRIAN MCNAB, pro se, Mount Vernon, New York.

**FOR DEFENDANT-APPELLEE R. MILLER:** FREDERICK A. BRODIE (with Barbara Underwood and Andrea Oser on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York, Suddaby, *J.*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Radcliffe O'Brian McNab, pro se, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[I]n the absence of prejudice to an appellee, we read a pro se appellant's appeal from an order closing the case as constituting an appeal from all prior orders." *Elliott v. City of Hartford*, 823 F.3d 170, 173 (2d Cir. 2016). Seeing no prejudice here, we have jurisdiction to review the district court's orders dismissing Appellant's complaint in part, as well as the final order adopting the magistrate judge's report and recommendation and granting defendants summary judgment on all remaining claims.

2

Sua sponte dismissals are reviewed de novo. *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We review de novo the order granting summary judgment, and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). We construe evidence and draw all reasonable inferences in the non-moving party's favor. *Id.* Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In dismissing Appellant's Eighth Amendment claim, the district court relied on *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997), for the proposition that a single incident of sexual abuse does not constitute cruel and unusual punishment. Our decision in *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015), which did not overrule *Boddie*, held that "contemporary standards of decency" had changed and even a single instance of sexual contact by a corrections officer that "serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate[] violates the Eighth Amendment." *Id.* at 257, 259-60. Accepting Appellant's allegations as true, as we must at the pleading stage, *Iqbal*, 556 U.S. at 678, he asserted a plausible Eighth Amendment claim under *Crawford*.

3

Nevertheless, as the district court ruled, Appellant failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") bars prisoners from bringing suit "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory, as long as remedies are actually available. *Ross v. Blake*, 136 S. Ct. 1850, 1856-59 (2016). As relevant here, remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. *Ross* thus limits the exceptions and "fram[es] the exception issue entirely within the context of whether administrative remedies were actually available to the aggrieved inmate." *Williams v. Priatno*, 829 F.3d 118, 123 (2d Cir. 2016).

Even assuming that Appellant's letter to a supervisory official was sufficient to initiate the inmate grievance process, he does not dispute that he failed to appeal the rejection of that complaint as "without merit." He thus failed to properly exhaust his administrative remedies by "complet[ing] the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Appellant asserted that defendants tried to intimidate him, and intimidation can excuse the failure to exhaust. *Ross*, 136 S. Ct. at 1860. However, none of the actions allegedly taken by the defendants actually prevented Appellant from submitting his complaint letter. *Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 178 (2d Cir. 2006) (failure to exhaust not excused by defendants' actions where plaintiff "point[ed] to no affirmative act by prison officials that . . . prevented him from pursuing administrative remedies"). Appellant was able to take the first step in the grievance process, and nothing in the record suggests he was intimidated from taking the next step (appealing the rejection of his informal grievance).

4

We have considered all of Appellant's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk