Shannon v. Venettozzi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand sixteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>RICHARD C. WESLEY,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

Jesse Shannon,

>*Plaintiff-Appellant*,

>v.                                                                                          15-2484

D. Venettozzi, Michael Capra, Philip Heath, William Keyser, J. Werlau, Edward Kasper, V. Colon, Jermaine McTurner, Nitoscha Moore AKA B. Moore, J. Velez, S. Gregory, Brian Fischer,

>*Defendants-Appellees*.

_____

For Plaintiff-Appellant**:**                                    Jesse Shannon, *pro se*, Ossining, NY.

For Defendants-Appellees**:**                    Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Andrew Rhys Davies, Assistant Solicitor General of Counsel, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

Appellant Jesse Shannon, proceeding *pro se*, appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint against prison officials raising claims of sexual abuse and failure to protect under the Eighth Amendment.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to [Federal Rule of Civil Procedure] 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[1]Because Shannon's appellate brief challenges only the district court's ruling on his sexual abuse and failure to protect claims, *see* Pl. Br. xvi, 1-6, he has abandoned all other claims he raised in his complaint.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (citing Fed. R. App. P 28(a)(6)).

*Id.* Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Id.*

To succeed on an Eighth Amendment claim, a plaintiff "must show (1) a deprivation that is objectively, sufficiently serious . . . and (2) a sufficiently culpable state of mind on the part of the defendant official." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (internal quotation marks omitted). "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." *Crawford v. Cuomo*, 796 F.3d 252, 254, 257 (2d Cir. 2015). "In determining whether an Eighth Amendment violation has occurred, the principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." *Id.* at 257–58.

The district court, relying on our decision in *Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997), held that the complaint's allegations did not rise to the level of an Eighth Amendment violation because Shannon alleged only isolated incidents of sexual harassment that, although "despicable," were not objectively sufficiently serious. *Shannon v. Venettozzi*, No. 13-cv-4530 (KBF), 2015 WL 114179, at *4–*5 (S.D.N.Y. Jan. 8, 2015) (quoting *Boddie*, 105 F.3d at 860–61). We disagree.

We recognized in *Crawford*, which was decided after the district court dismissed Shannon's complaint for failure to state a claim, that district courts had been interpreting *Boddie* too narrowly, recognizing Eighth Amendment claims only if the sexual abuse "occur[ed] on more than one occasion, [was] excessive in duration, involve[d] direct contact with an inmate's genitalia

3

(rather than contact through an inmate's clothing . . . ), or cause[d] physical injury, penetration, or pain." *Crawford*, 796 F.3d at 257 (internal quotation marks omitted). *Crawford* stressed that even "[l]ess severe but repetitive conduct may still be 'cumulatively egregious' enough to violate the Constitution." *Id.* (quoting *Boddie*, 105 F.3d at 861). Additionally, *Crawford* observed that "conduct that might not have been seen to rise to the severity of an Eighth Amendment violation 18 years ago may now violate community standards of decency." *Id.* at 260.

We conclude that the allegations in Shannon's complaint, liberally construed and accepted as true, were sufficient to state an Eighth Amendment claim. Shannon alleged that on at least four occasions, before he was allowed to use the bathroom during prison visits from his wife, Officer Jermaine McTurner required him to undergo "aggressive and very provocative" pat-frisk searches, during which the officer "hit [Shannon's] genitalia hard," "rammed his hands into [Shannon's] testicles very hard," "fondl[ed Shannon's] genitals," and "rubbed his buttocks." Compl. ¶¶ 18–22. Shannon also alleged that Officer McTurner told him that "if you don't want to be searched and sexually assaulted, stop coming to prison," *id.* ¶ 18, and that, when Shannon complained that Officer McTurner was violating prison policy and procedure by searching him in the middle of visits with his wife, Officer McTurner stated, "I don't give a fuck about no P&P. This is my visiting room and I run it the way that I want," *id.* ¶ 20. These statements, in conjunction with Shannon's description of the forcefulness of some of the pat-downs, were sufficient to plausibly allege that Officer McTurner conducted the pat-downs either "to gratify [his] sexual desire or to humiliate" Shannon, neither of which is a permissible motivation, rather than for any legitimate penological purpose. *See Crawford*, 796 F.3d at 254, 257. Accordingly, we vacate the district court's dismissal of Shannon's Eighth Amendment claims and remand for additional proceedings.

We leave for the district court to address qualified immunity in the first instance, although we observe that even if the district court determines that the defendants are entitled qualified immunity, that immunity would not preclude Shannon's claims for injunctive relief. *See Sudler v. City of New York*, 689 F.3d 159, 177 (2d Cir. 2012).

Accordingly, we **AFFIRM** in part, **VACATE** in part, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk