17-2092
Shannon v. Venettozzi

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand eighteen.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

_____

JESSE SHANNON,

*Plaintiff-Appellant*,

v.                                                                      17-2092

D. VENETTOZZI, MICHAEL CAPRA, PHILIP HEATH, WILLIAM KEYSER, J. WERLAU, EDWARD KASPER, V. COLON, JERMAINE MCTURNER, NITOSCHA MOORE, J. VELEZ, S. GREGORY, BRIAN FISCHER,

*Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**        Jesse Shannon, pro se, Ossining, NY.

**FOR DEFENDANTS-APPELLEES:**        Andrew W. Amend, Senior Assistant Solicitor General, Scott A. Eisman, Assistant Solicitor General of Counsel, *for* Barbara D. Underwood, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 9, 2017 judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Jesse Shannon, proceeding pro se, appeals from the District Court's judgment dismissing his claims asserted under 42 U.S.C. § 1983 against prison officials based on allegations of sexual abuse and failure to protect in violation of the Eighth Amendment. Shannon cites several instances of sexual misconduct occurring between August and November 2011, in which Officer Jermaine McTurner allegedly fondled and grabbed his genitalia at the Sing Sing Correctional facility in a manner unrelated to a legitimate search for contraband.

In Shannon's prior appeal, we vacated the dismissal of his Eighth Amendment claims in light of our intervening decision in *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015), where we concluded that district courts had been interpreting our prior precedent governing such claims—*Boddie v. Schnieder*, 105 F.3d 857 (2d Cir. 1997)—too narrowly. *See Shannon v. Venettozzi*, 670 F. App'x 29 (2d Cir. 2016) (summary order). We remanded to allow the District Court to determine in the first instance whether defendant prison officials were entitled to qualified immunity. In doing so, we observed "that even if the district court determines that the defendants are entitled [to] qualified immunity [on his claims for damages], that immunity would not preclude Shannon's claims for injunctive relief." *Id.* at 31.

On remand, Shannon was represented by court-appointed counsel, who filed an amended complaint on his behalf. The amended complaint sought only damages; it did not request injunctive relief. The District Court again granted defendants' motion to dismiss, this

2

time concluding that the officers were entitled to qualified immunity because the Eighth Amendment rights asserted by Shannon were not clearly established in 2011, the year of the alleged incidents. This second appeal now follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's judgment.

We review de novo a district court's decision under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint based on defendants' qualified immunity. On such review, we "accept[] all plausible allegations as true and draw[] all reasonable inferences in plaintiff's favor." *Ganek v. Leibowitz*, 874 F.3d 73, 80 (2d Cir. 2017). State officials are entitled to qualified immunity on Section 1983 claims asserted against them unless "the unlawfulness of their conduct was clearly established at the time." *Simon v. City of New York*, 893 F.3d 83, 92 (2d Cir. 2018) (internal quotation marks omitted). We treat a right as clearly established "when its contours are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* (internal quotation marks and alteration omitted).

Shannon first argues that Officer McTurner's alleged conduct in 2011 was objectively unreasonable and therefore violated his Eighth Amendment rights. We agree that it was objectively unreasonable for a correctional officer to behave as alleged in light of our current standards of decency. As we recognized in *Crawford,* in 2015, the Eighth Amendment is violated by even a single instance of "[a] corrections officer's intentional contact with an inmate's genitalia or other intimate area" when such contact "serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate." 796 F.3d at 257. But Shannon's legal claim arises from events predating *Crawford* by four years. Although the conduct alleged in the amended complaint is reprehensible both then and now, when it occurred in 2011, our precedent did not establish that such conduct was clearly unconstitutional. Rather, in *Boddie*, we had held that a "small number of incidents

3

in which [the plaintiff] allegedly was verbally harassed, touched, and pressed against without his consent" was *not* sufficient to state a claim. 105 F.3d at 861. And, prior to our decision in *Crawford*, district courts had routinely interpreted *Boddie* to mandate the dismissal of similar claims at the pleading stage. *See, e.g.*, *Irvis v. Seally*, No. 9:09-CV-543 (GLS)(ATB), 2010 WL 5759149, at *4 (N.D.N.Y. Sept. 2, 2010), *report and recommendation adopted*, 2011 WL 454792 (N.D.N.Y. Feb. 4, 2011) (dismissing Eighth Amendment claim alleging three instances of severely improper sexual misconduct during strip searches); *Garcia v. Watts*, No. 08-CV-7778 (JSR), 2009 WL 2777085, at *7 (S.D.N.Y. Sept. 1, 2009) ("[T]wo instances of improper sexual contact . . . although abhorrent, do[] not rise to the level of cruel and unusual punishment sufficient to sustain an Eighth Amendment claim.").

In line with this conclusion, we recently affirmed the district court's grant of qualified immunity in *Crawford* itself, explaining that "[a]t a minimum, any constitutional distinction between [Crawford's] case and *Boddie* was not clearly established" in 2011, when the conduct in *Crawford,* too, allegedly occurred. *See Crawford v. Cuomo*, 721 F. App'x 57, 59 (2d Cir. 2018) (summary order). The same is true here. We therefore affirm the District Court's grant of Officer McTurner's motion to dismiss on qualified immunity grounds.

Relatedly, we affirm the District Court's dismissal of Shannon's claims against Officer Nitoscha Moore and Sergeant V. Colon for failing to intervene to stop Officer McTurner's conduct, because an officer "cannot be held liable in damages for failure to intercede unless such failure permitted fellow officers to violate a suspect's 'clearly established statutory or constitutional rights' of which a reasonable person would have known." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because we hold that Shannon's right to be free of the sort of sexual harassment allegedly inflicted upon him by Officer McTurner was not clearly established in 2011, it necessarily follows that he cannot state a claim by alleging that other officers failed to intervene to stop such conduct.

4

Shannon also argues that his requests for declaratory and injunctive relief should have precluded dismissal of the entire case on qualified immunity grounds. Although the premise underlying his assertion is correct, *see, e.g.*, *Sudler v. City of New York*, 689 F.3d 159, 177 (2d Cir. 2012), the operative amended complaint that was filed after remand in Shannon's case did not seek injunctive relief. "It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (internal citation omitted). The failure of Shannon's attorney to retain his earlier-made requests for injunctive and declaratory relief in the amended complaint precludes Shannon from pursuing that relief here. We also take judicial notice of the fact that New York Department of Corrections and Community Supervision records indicate that Shannon was released from prison on parole on July 18, 2018. Accordingly, even if Shannon had maintained his request for injunctive relief in his amended complaint, his request would now be moot. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("[A]n inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."). Shannon's release also mitigates the concern that, absent injunctive relief, he will be subject to such unconstitutional conduct in the future.

We have considered Shannon's remaining arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5